*Hardy v. Gardere.*

## PIERRE ACHILLE HARDY *v.* FRANÇOIS GARDERE.

Action by the endorsee of a draft, drawn by the Trustees of a College, on the Treasurer of the State, for a portion of the annual appropriation for the use of the College, payable, to J. N., or order, and endorsed "J. N., Treasurer." Plaintiff having paid part of the draft to J. N. in cash, and the balance by acceptances of drafts, drawn on him by a firm of which J. N. was a partner, and J. N. having shortly after become insolvent, on an answer by the Trustees, cited in warranty, alleging that plaintiff had received the original draft, knowing that it had been entrusted to the Treasurer of the College for collection, for the use of the College, and not to be negotiated: *Held,* that the draft was, on its face, an official paper, and that the plaintiff having connived with J. N. to divert its amount from the use of the College, could not recover in an action against the Treasurer of the State as acceptor, or the College as drawers of the draft.

APPEAL from the District Court of the First District, *Buchanan,* J.

MARTIN, J. This is an action against the State Treasurer, by the endorsee of a draft of the Trustees of the Louisiana College, drawn on him in favor of the Treasurer of the Board of Trustees for the sum of $3750, for one quarter of the yearly appropriation

made by the legislature. The draft is payable to Jos. Nichols, or order, and endorsed " Jos. Nichols, Treasurer."* The defendant pleaded as an exception, that he was not suable on a claim for money to be paid out of the treasury of the State. This exception was withdrawn, and the defendant answered that the Louisiana College was the real party in this cause, and had directed him to forbear paying the draft, and he prayed that it might be called in warranty.

The College came in and pleaded the general issue, averring that they had directed the defendant to forbear paying the draft; that the plaintiff received a transfer of the draft, well knowing that it had been officially entrusted to the Treasurer of the Board, not for the purpose of negotiation, but for that of receiving its amount from the Treasurer of the State, or procuring it to be received for the use of the College, and that he unfaithfully, with the assistance of the plaintiff, negotiated it, and converted the proceeds to his own use.

The plaintiff had judgment against the defendant, and he against the College; and the two latter are appellants.

The testimony shows that the plaintiff paid to Nichols, on receiving the draft, $1600 in cash, and accepted two drafts drawn on him by Nichols & Lathrop, a firm of which Nichols was a member, for the balance, at short dates, to wit, one for fifteen hundred, and the other for five hundred dollars. That shortly after, Nichols surrendered his property to his creditors, and was discharged from the service of the College. That the plaintiff had there-

---

* The draft on which this suit was brought, is in the following words :

$3750.  *Jackson, La., March,* 1841.

F. GARDERE, ESQ., Treasurer of the State of Louisiana :

On the 1st of April next, (1841,) pay to Jos. Nichols, or order, three thousand seven hundred and fifty dollars, being amount due said College for quarter commencing 1st January, and ending 31 March, 1841, of the appropriation of fifteen thousand dollars per annum, by act passed and approved March 31st, 1835.

THOMAS BUTLER, Presid't Board of Trustees.

S. M. BRIAN,
JNO. E. PHARES,    } Trustees.
ANDREW AITCHISON,

(Endorsed)    Jos. NICHOLS, Treasurer.

tofore received similar drafts from Nichols, which he paid in a like manner, by a partial payment in cash and by crediting his firm for the balance, or accepting his drafts. It was farther shown, that another house in New Orleans had dealt with Nichols for several drafts of the College on the State Treasurer, in the same manner as the plaintiff.

[It was alleged in the petition, and proved on the trial, that when the draft was presented to the defendant for payment, he promised to pay it as soon as there should be an amount in the treasury to pay the same ; and it was admitted there were funds sufficient before the institution of the suit.]

*Roselius*, Attorney General, for the appellants.

*I. W. Smith*, for the plaintiff. The instrument sued on is a negotiable bill of exchange. The words " being an amount due said College," &c., on the face of the bill, is a mere statement of the consideration. The insertion of words to point out the consideration, will not vitiate a bill. Chitty, 159. The insertion of such words was for the purpose of informing the drawee of the reason for drawing the bill, or to increase the confidence of third persons in it, by directing their attention to the nature of the debt for which it was drawn. The draft is payable to " Jos. Nichols, or order." If Nichols was but the agent of the College to collect the amount of the draft, why were the words " or order" made use of, which are peculiar to negotiable instruments ? The endorsement by Nichols, as Treasurer, cannot change the nature of the obligation, as apparent on its face. The payee of a bill has a right to transfer it to any person, for value, before maturity. Chitty, 220. The plaintiff, relying on the promise of defendant to pay the draft as soon as there should be funds in the treasury, is entitled to recover against him. Chitty, 159, n. 1. Bayley, 20. *Freeman* v. *Otis*, 9 Mass. 260. *Boyce* v. *Russell*, 2 Cowen, 444. The evidence shows that other drafts, of a similar character, were entrusted to Nichols, who negotiated them. If any loss be sustained by the College, it must be attributed to the negligence of the trustees in allowing their Treasurer to sell their drafts in the market.

MARTIN, J. It appears to us that the court erred. Had the Treasurer of the State been the holder of a note of the firm of

Hardy v Gardere.

which Nichols was a member, of the same amount as the draft drawn by the College, and had he, taking Nichols' receipt thereon, surrendered to him the note of his firm, this would not have been a payment to the College, for the Treasurer would have acted faithlessly, knowing that Nichols' possession of the note was the possession of the College, of which he was Treasurer, and that he was entrusted with it to receive the amount for the use of the College, and not to apply its proceeds to the discharge of his own debt, or those of his firm. Suppose a tutor to receive his own note, giving to the payee a receipt for a sum equal to the amount of the note, in discharge of a claim of the minor against the payee of the note, can there be any doubt that, on the insolvency of the tutor, the minor's claim against the payee would not be considered as extinguished by his surrender of the tutor's note ? The draft sued upon was, on its face, an official paper ; an order from the President and three Trustees of the College on the Treasurer of the State, for one quarter of the annual appropriation of the legislature in favor of the College ; and the plaintiff evidently appears to have been conscious, that the authority of the payee was an official one only, which required his official signature on the back of the draft. He thereby connived with Nichols, in assisting him to divert the funds of the College from the use of the institution, and in applying them to his own use, or that of a firm of which he was a member.

Several of the witnesses have deposed that they never knew the College to make any objection to Nichols' negotiating, for his own use, or that of his firm, the drafts of the College for the legislative appropriation. In order that this circumstance may have any weight, it ought to have been shown that the Trustees, or some of the officers of that institution had knowledge of this misapplication of the drafts.

It is, therefore, ordered, that the judgment of the District Court against the defendant, and in his favor against the College, be annulled ; and proceeding to give such a judgment as, in our opinion, ought to have been given below, it is ordered that there be judgment for the defendant with costs in both courts.